RENTAL PROPERTY OWNERS ASSOCIATION OF KENT COUNTY
v CITY OF GRAND RAPIDS

Docket No. 174452. Submitted February 15, 1995, at Grand Rapids.
Decided March 20, 1995, at 9:40 A.M. Leave to appeal sought.

The Rental Property Owners Association of Kent County brought
an action in the Kent Circuit Court against the City of Grand
Rapids, seeking to have Grand Rapids Ordinance No. 93-39
declared unconstitutional and unenforceable. The ordinance
provided for the padlocking for one year of any piece of prop-
erty declared to be a nuisance by reason of its use as the situs
of an illegal drug sale or of an act of prostitution. The ordi-
nance further provided that the determination whether a piece
of property was a nuisance was to be made by the city commis-
sion, subject to review by the circuit court on the grounds that
the city commission's determination was a violation of law, was
procured by fraud, was an abuse of discretion, or was not
supported by competent, substantial, and material evidence on
the whole record. The trial court, Michael R. Smolenski, J.,
denied summary disposition for the plaintiff and granted sum-
mary disposition for the defendant. The plaintiff appealed.

The Court of Appeals *held:*

1. Because the action contemplated by the ordinance requires
the exercise of a court's equitable powers, and the Grand
Rapids City Commission is not empowered to exercise such
judicial powers, the ordinance violates the separation of powers
doctrine.

2. The ordinance infringes on the constitutional authority of
the circuit court by attempting to limit the court's scope of
review, a power that is vested in the state Legislature. A city
commission is without authority to restrict by ordinance the
jurisdiction of a state court.

3. Because the ordinance clearly attempts to confer on the

REFERENCES

Am Jur 2d, Constitutional Law § 326; Municipal Corporations,
Counties, and Other Political Subdivisions §§ 443, 444, 446, 851;
Nuisances § 235.
See ALR Index under Municipal Corporations; Nuisances; Separa-
tion of Powers.

city commission powers in violation of constitutional restrictions and to limit the jurisdiction of the constitutionally created circuit court, the trial court erred in finding that the ordinance was not constitutionally defective and in refusing to grant the plaintiff's requested injunctive relief.

Reversed and remanded.

1. MUNICIPAL CORPORATIONS — ORDINANCES — SEPARATION OF POWERS.

It is a violation of the separation of powers doctrine for a city commission to designate itself as the body to determine whether a building is a public nuisance for the purpose of a city ordinance providing for the padlocking of buildings determined to be public nuisances as a result of being used as the situs of illegal drug sales or prostitution (Const 1963, art 6, § 1).

2. NUISANCE — COURTS — EQUITABLE POWERS.

The padlocking of property as a public nuisance requires the exercise of the equitable powers of a court of appropriate jurisdiction; accordingly, the determination whether to padlock a property must be by a court rather than by a legislative body such as a city commission.

*Murray, Pawlowski & Elkins* (by *George E. Pawlowski*), for the plaintiff.

*Margaret P. Bloemers,* for the defendant.

Before: NEFF, P.J., and SAWYER and MURPHY, JJ.

SAWYER, J. Plaintiff appeals from an order of the circuit court granting summary disposition in favor of defendant on plaintiff's complaint for declaratory and injunctive relief concerning enforcement of a city ordinance. We reverse.

At issue is City of Grand Rapids Ordinance No. 93-39, which replaced an earlier repealed ordinance, No. 92-07. That ordinance, commonly referred to as the "padlock ordinance" provided that certain rental properties could be declared a public nuisance, with the property being padlocked for a period of one year. The ordinance provided for a finding of public nuisance where the property was

used as the situs of illegal drug sales or prostitution. At the heart of the controversy is the manner in which it is to be determined that a building is a public nuisance and the review of that determination. Specifically, the determination is to be made not by a court, but by the city commission. Moreover, the city ordinance provides for review by the circuit court, but limits that review to a determination whether the city commission's decision is a violation of law, was procured by fraud, or constitutes an abuse of discretion, and whether the decision is supported by competent, substantial, and material evidence on the whole record. Grand Rapids Ordinance No. 93-39, § 1, Grand Rapids Code, tit IX, ch 166, § 9.709.

Plaintiff first argues that the ordinance is unconstitutional, an argument raised below but not addressed by the trial court. We agree with plaintiff that the ordinance suffers from numerous constitutional flaws.

First, plaintiff argues that the ordinance violates the separation of powers doctrine, specifically Const 1963, art 6, § 1, which vests the judicial power of the state in the court system:

> The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that the legislature may establish by a two-thirds vote of the members elected to and serving in each house.

So far as we are aware, the Legislature has never voted to establish the Grand Rapids City Commission as a court of limited jurisdiction. Accordingly, it is not empowered to exercise judicial power.

The ordinance speaks in terms of the city com-

mission acting as an administrative body, exercising quasi-judicial functions, in enforcing the ordinance. There are two flaws with that reasoning. First, administrative bodies are creatures of the executive branch, not the legislative branch. The city commission is legislative in nature. Second, despite the statements of the city ordinance, the city commission is simply not acting as an administrative body in the exercise of quasi-judicial functions. That is, the sanctions provided for in the ordinance do not involve the suspension or revocation of a license or sanctions for violation of a regulatory scheme. Rather, the city is acting to padlock[1] real property. The city's position might be more persuasive if it merely were revoking or suspending a rental license or occupancy permit, thereby preventing the landlord from renting the property. However, the city goes beyond merely imposing sanctions under an administrative rule for violating a licensing scheme by endeavoring to prohibit any use of the property for any purpose, even purposes outside the licensing scheme.[2]

In sum, we conclude that the padlocking of property requires the exercise of a court's equitable powers and, therefore, must be achieved by an action in a court of appropriate jurisdiction, not

---

[1] It is perhaps too strong to refer to this as a "forfeiture," because the owner is not permanently deprived of his property. It is, however, certainly a partial forfeiture, because the owner is deprived of the use of his property for up to a year.

[2] Indeed, an interesting anomaly occurs where the ordinance at issue is applied to the selling of drugs from a premises licensed to sell alcohol. Under the Grand Rapids city ordinance, the landlord of residential property would, in an administrative proceeding, essentially have his property forfeited, at least for a period of time, if a tenant were to sell drugs. However, with respect to a bar owner, although his license to sell alcohol might be revoked in an administrative proceeding, his real property (the bar) could be forfeited or padlocked only upon the prosecutor's instituting a nuisance abatement action in the circuit court under the state statute. MCL 600.3801; MSA 27A.3801.

before a legislative body such as the city commission.

Furthermore, we also find the ordinance to be violative of Const 1963, art 6, § 13, which provides that the circuit court shall have jurisdiction in all matters not prohibited by law. The Grand Rapids city ordinance seeks to limit the jurisdiction of the circuit court. However, the Grand Rapids City Commission is without authority to restrict the jurisdiction of the circuit court. The circuit court is, as stated in Const 1963, art 6, § 1, part of the state's one court of justice. It is, therefore, a state institution and, therefore, restrictions on its jurisdiction must be, under art 6, § 13, restricted by laws enacted by the state Legislature. The constitution simply does not grant a city commission the authority to restrict the jurisdiction of a state court by ordinance.

The jurisdiction of the circuit court can be limited with respect to its powers of appellate review of decisions of administrative agencies as provided in Const 1963, art 6, § 28. However, that constitutional provision does not require the restriction of the circuit court's appellate review of administrative provisions, it merely allows for the fact that it may be restricted as provided by law. Furthermore, it only affects those decisions of administrative officers or agencies established under the constitution or by law. It does not provide for review or restricted review of administrative decisions by officers or agencies created by ordinance. Therefore, we view the provisions of art 6, § 28 as concerning themselves with administrative bodies established by state statute, not municipal ordinance.[3] In any event, as discussed above, a city

---

[3] Of course, those administrative agencies can be municipal agencies if established under a state statute. See, e.g., *In re Payne,* 444 Mich 679, 687; 514 NW2d 121 (1994) (where the Legislature did not

commission is not an administrative agency, but a legislative body of a municipal corporation.

For the above reasons, we conclude that the trial court erred in failing to find that the ordinance was unconstitutional. The trial court should have granted plaintiff the requested declaratory and injunctive relief.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

provide for appeal from a municipal civil service board, judicial review was by superintending control).